Christopher Kim (Bar No. 082080)
Lisa J. Yang (Bar No. 208971)
**LIM, RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
christopher.kim@lrklawyers.com
lisa.yang@lrklawyers.com
Liaison Counsel

Andrew L. Zivitz
Kay Sickles
**SCHIFFRIN & BARROWAY, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19004
Telephone: (610) 667-7706
Azivitz@sbclasslaw.com
Ksickles@sbclasslaw.com
Lead Counsel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| IN RE DDI CORP. SECURITIES LITIGATION<br><br>Ferrari-v-Gisch | No. CV-03-7063-SGL (SHx)<br><br>[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER |

FILED - EASTERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV 2 2 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority ✓
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

NOV 27 2006

# [PROPOSED] PRELIMINARY APPROVAL ORDER

The Court has received the Stipulation of Settlement (the "Stipulation"), signed November 17, 2006, that has been entered into by the Plaintiffs and Defendants. The Court has reviewed the Stipulation and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all persons and entities who purchased shares of DDi common stock in DDi's February 14, 2001 public offering for $23.50 per share. Excluded from the Settlement Class are Defendants; members of the families of each of the individual defendants; any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in which any excluded person has or had a controlling interest; and the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded are those persons and entities who timely and validly request exclusion from the Settlement Class.

3. For purposes of the Settlement only, the Court hereby appoints Plaintiff Robert Watson as the representative of the Settlement Class and appoints Lead Counsel, Schiffrin & Barroway, LLP, as counsel for the Settlement Class.

4. With respect to the Settlement Class, this Court expressly finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately

represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court preliminarily approves: (1) the settlement of the Action as set forth in the Stipulation and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, the proposed Plan of Allocation or the fairness and adequacy of their representation by Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

6. The Court approves as to form and content, and for distribution to Settlement Class Members, the Notice substantially in the form of Exhibit A-1 hereto, for publication of a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in the form of Exhibit A-3 hereto, and for distribution to Settlement Class Members, a Proof of Claim and Release form ("Proof of Claim") in the form of Exhibit A-2 hereto.

7. Pending resolution of these settlement proceedings, Plaintiffs and all other potential Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any actions or proceedings asserting any Released Claims against the Defendants or any other Released Persons.

8. Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

9. Lead Counsel is hereby authorized to retain The Garden City Group, Inc. as Claims Administrator to supervise and administer the notice and claims procedures.

10. The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, including beneficial owners whose shares of DDi common stock are held by banks, brokerage firms, or other nominees. The Company shall provide contact information for its transfer agent to the Claims Administrator within three (3) calendar days of the Court's execution of this Preliminary Approval Order so that the Claims Administrator may contact the transfer agent to receive the information from the Company's transfer records required by the Claims Administrator to send Notice to the Settlement Class Members who can be identified through those same records. In addition, the Company shall deliver a letter to the transfer agent that authorizes the transfer agent to provide such information to the Claims Administrator. The Claims Administrator shall send the Notice and the Proof of Claim by first class mail to all Persons who appear on the transfer records of DDi as having transferred to their names shares of DDi common stock purchased in DDi's February 14, 2001 public offering for $23.50 per share. The mailing of the Notice and Proofs of Claim shall commence on or before fifteen (15) calendar days following the execution of this Order (the "Notice Date").

11. Pursuant to the Notice, each nominee shall either: (1) send the Notice and Proof of Claim to Settlement Class Members for which they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the

Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Settlement Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

12. Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a Summary Notice substantially in the form of Exhibit A-3 hereto in *Investor Business Daily* and once over the *PR Newswire*. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Settlement Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

13. The Court finds that dissemination of the Notice and Proof of Claim in the manner required by ¶¶ 10-11, and publication of the Summary Notice in the manner required by ¶ 12, constitute the best notice practicable under the circumstances to Settlement Class Members and meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995,

1  and any other applicable law and shall constitute due and sufficient notice to all
2  Persons entitled thereto.

3      14.    Any Person falling within the definition of the Settlement Class may,
4  upon request, be excluded from the Settlement. Any such Person must submit to
5  the Claims Administrator a request for exclusion ("Request for Exclusion"),
6  postmarked no later than fifty (50) calendar days after the Notice date. A Request
7  for Exclusion must state: (1) the name, address, and telephone number of the
8  Person requesting exclusion; (2) the Person's purchases of shares of DDi common
9  stock in DDi's February 14, 2001 public offering for $23.50 per share and sales
10 thereof, including the dates, the number of shares, and price received per share for
11 each such sale; and (3) that the Person wishes to be excluded from the Settlement
12 Class. All Persons who submit valid and timely Requests for Exclusion in the
13 manner set forth in this paragraph shall have no rights under the Stipulation, shall
14 not share in the distribution of the Settlement Fund, and shall not be bound by the
15 Stipulation or the Final Order and Judgment.

16     15.    Any Settlement Class Member who objects to the Settlement of the
17 Action, the proposed Plan of Allocation, the adequacy of representation by Lead
18 Counsel, or the application of counsel for attorneys' fees, costs, and expenses shall
19 have a right to appear and be heard at the Settlement Hearing. Any Settlement
20 Class Member may enter an appearance through counsel of such member's own
21 choosing and at such member's own expense or may appear on their own.
22 However, no Settlement Class Member shall be heard at the Settlement Hearing
23 unless, on or before fifty (50) calendar days after the Notice date, such Person has
24 filed with the Court a written notice of objection, and the grounds for opposing the
25 Settlement, Plan of Allocation, or application for attorneys' fees, costs and
26 expenses, along with proof of membership in the Settlement Class which proof
27 shall include the shares of DDi common stock purchased in DDi's February 14,
28 2001 public offering for $23.50 per share and sold, and delivered a copy to counsel

listed on the Notice. The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

16. The Court authorizes payment out of the Settlement Fund of the expenses described in ¶ 4.5 of the Stipulation.

17. A Settlement Hearing will be held on February 26, 2007, at 10:00 A.M. before this Court to determine whether the proposed Settlement of the Action as set forth in the Stipulation, should be approved as fair, reasonable and adequate as to each of the Parties, and whether the Final Order and Judgment approving the Settlement should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to Settlement Class Members.

18. At the Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation of the Net Settlement Fund should be approved.

19. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Settlement Class Member or counsel for the Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court.

21. At the Settlement Hearing, the Court will consider the application of Lead Counsel for an award of attorneys' fees, costs, and expenses.

22. Any Settlement Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Court Order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (1) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (2) include the release by the Claimant of all Released Persons as set forth in the Stipulation; and (3) be signed with an affirmation that the information is true and correct. All Settlement Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Order and Judgment, if entered.

23. Neither Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation of the Settlement Fund submitted by Lead Counsel, and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. No later than seven (7) calendar days before the Settlement Hearing, all briefs supporting the Settlement, the Plan of Allocation, and the request for attorneys' fees and costs, shall be served and filed.

25. Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any

wrongdoing or liability of the Defendants or the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

26. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

28. If: (a) the Settlement is terminated by Defendants pursuant to ¶ 9.8 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants' Counsel elects to terminate the Settlement as provided in ¶ 9.4 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order certifying the Settlement Class and the representatives of the Settlement Class for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Party shall be restored to his, her or its respective position as it existed on November 17, 2006.

DATED: __11/22__, 2006

_____
THE HON. STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE