Christopher Kim (Bar No. 082080)
Lisa J. Yang (Bar No. 208971)
**LIM, RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
christopher.kim@lrklawyers.com
lisa.yang@lrklawyers.com
Liaison Counsel

Andrew L. Zivitz
Kay Sickles
**SCHIFFRIN BARROWAY TOPAZ**
**& KESSLER, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19004
Telephone: (610) 667-7706
Azivitz@sbclasslaw.com
Ksickles@sbclasslaw.com
Lead Counsel

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE
### EASTERN DIVISION

| | |
|---|---|
| IN RE DDI CORP. SECURITIES LITIGATION | No. CV-03-7063-SGL (SHx) <br><br> [~~PROPOSED~~] **FINAL ORDER AND JUDGMENT** <br><br> Date: February 26, 2007 <br> Time: 10:00 AM <br> Courtroom: 1, Riverside |

# [PROPOSED] FINAL ORDER AND JUDGMENT

On the 26th day of February, 2007, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated as of November 17, 2006, and filed in the above-captioned action (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the Second Amended Consolidated Complaint, now pending in this Court under the above caption (the "Action"), including the release of the Defendants and the other Released Persons, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Settlement Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Settlement Class; and (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased shares of DDi common stock in DDi's February 14, 2001 public offering for $23.50 per share, except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of DDi's transfer agent, at the respective addresses set forth in such records, and including those additional Members of the Settlement Class identified by nominee owners to the Claims Administrator as set forth in the Affidavit of a representative of The Garden City Group, Inc., and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of

attorneys' fees and expenses requested; and all capitalized terms used herein, unless otherwise defined herein, having the meanings as set forth and defined in the Stipulation:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Order and Judgment, adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the other Members of the Settlement Class, and the Defendants.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release form, and publication of the Summary Notice of Pendency and Proposed Settlement of Class Action as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Action and their rights in it, the terms of the proposed Settlement of the Action, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

4. The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Notice.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a Settlement Class of all persons or entities reasonably identifiable, who purchased shares of DDi common stock in DDi's February 14,

2001 public offering for $23.50 per share. Excluded from the Settlement Class are Defendants; members of the families of each of the individual defendants; any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in which any excluded person has or had a controlling interest; and the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded are those persons and entities who timely and validly request exclusion from the Settlement Class. Not a Single Class Member has sought to exclude himself, herself or itself from the Settlement Class.

6. With respect to the Settlement Class, this Court finds and concludes, for the sole purpose of effectuating this Settlement, that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class; (d) the Plaintiffs and their counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement of the Action as set forth in the Stipulation, and approves each of the releases and other terms as fair, reasonable, and adequate, in all respects. The Court finds that the Settlement is in the best interests of the Parties and the Settlement Class, and further finds that the Settlement is the result of

arm's-length negotiations between experienced counsel representing the interests of the Parties, as well as the Settlement Class. The Parties are directed to perform in accordance with the terms set forth in the Stipulation.

8. Upon the Effective Date, the Plaintiffs, the Settlement Class Members, and Lead Counsel and the successors and assigns of any of them shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Persons from the Released Claims. "Released Persons" shall mean (1) each and all of the Defendants, DDi, and any of their respective predecessor or successor companies, parent companies, subsidiary companies, predecessors, successors, divisions, joint ventures, or related or affiliated entities, both past and present; (2) the directors, officers, partners, principals, employees, agents, associates, attorneys, accountants, banks, advisors, underwriters, personal or legal representatives, insurers, reinsurers, executors, administrators, controlling shareholders, spouses, heirs, and members of the immediate families of the foregoing; (3) any entity in which any Defendant and/or any member(s) of any Defendant's immediate family has or had a controlling interest, and (4) any trust of which any Defendant is the trustee or settlor or which is for the benefit of any Defendant and/or member(s) of his family. "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Plaintiffs or Settlement Class Members or any of them or the successors and assigns of any of them against any of the Released Persons, or (ii) that could have been asserted in the Action by the Plaintiffs and Settlement Class Members or any of them against any of the Released Persons

which arise out of, are based upon, or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions set forth, or referred to in the Action and are based upon the purchase of DDi securities during the Settlement Class Period.

9. "Unknown Claims" means any Released Claims which the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Plaintiffs and the Defendants expressly waive and relinquish, and the Settlement Class Members and Released Persons shall be deemed to have, and by operation of the Final Order and Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Plaintiffs and Defendants expressly waive and the Settlement Class Members and the Released Persons shall be deemed to, and upon the Effective Date and by operation of the Final Order and Judgment shall, have waived any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The

Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

10. Upon the Effective Date, Defendants, and each of them, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Released Persons, including DDi, from the Released Defendant-versus-Defendant Claims, including Unknown Claims arising out of, relating to, or in connection with the Released Defendant-versus-Defendant Claims.

11. The Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Plaintiffs and the other Members of the Settlement Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Final Order and Judgment and under the terms of the Stipulation and the releases therein, it is intended to preclude, and shall preclude, the Plaintiffs and all other Settlement Class Members from filing or pursuing any Released Claims against the Released Persons under federal law or the law of any state or jurisdiction.

12. Upon the Effective Date, the Plaintiffs and Lead Counsel, on their own behalf and on behalf of all other Settlement Class Members, by operation of this Final Order and Judgment shall fully, finally and forever release, relinquish and discharge all Released Claims against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release ("Proof of Claim").

13. Upon the Effective Date, each of the Defendants and their respective counsel and the successors and assigns of any of them shall, and by operation of this Final Order and Judgment shall, fully, finally and forever release, relinquish and discharge the Released Defendants' Claims. "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever,

whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Settlement Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

14. Upon the Effective Date, the Plaintiffs, the Settlement Class Members, and Lead Counsel shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Persons from the claims which arise out of or relate in any way to the defense or settlement of the Action (except for claims to enforce the Settlement).

15. Only those Settlement Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Settlement Class Members shall further release all Released Claims against the Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, the Released Persons, or Lead Counsel; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other

LIM, RUGER & KIM, LLP

tribunal; or (iii) shall be offered in evidence by any Party for any purpose except as provided in this ¶ 16. Released Persons may file the Stipulation and/or the Final Order and Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties, their respective counsel or any other Member of the Settlement Class may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

17. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

18. The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that the Plaintiffs, Lead Counsel, Defendants and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

19. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Order and Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Order and Judgment (except this paragraph) shall be null and void, the Settlement (except ¶ 9.6 of the Stipulation) shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Order and Judgment, including, but not

limited to ¶¶ 8, 9, 10, and 12 which parts shall be considered separate from the award of attorneys' fees and any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Order and Judgment, including, but not limited to ¶¶ 8, 9, 10 and 12 which parts shall be considered separate from the Plan of Allocation.

20. Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiffs, the Settlement Class and the Released Persons for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Final Order and Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

DATED: __3/30__, 2007

THE HON. STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE