Christopher Kim (Bar No. 082080)
Lisa J. Yang (Bar No. 208971)
**LIM, RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
Christopher.kim@lrklawyers.com
Lisa.yang@lrklawyers.com
Liaison Counsel

Andrew L. Zivitz
**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Azivitz@sbtkclasslaw.com
Lead Counsel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| IN RE DDI CORP. SECURITIES LITIGATION | No. CV-03-7063-SGL (SHx)<br><br>[~~PROPOSED~~] **ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**<br><br>Date: June 16, 2008<br>Time: 10:00 AM<br>Courtroom: 1, Riverside |

{00060480.DOC}

[PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

1  WHEREAS, by its Final Order and Judgment dated March 30, 2007, this
2  Court approved the terms of the Stipulation of Settlement dated as of November 17,
3  2006 (the "Stipulation") and the Plan of Allocation for distributing the settlement
4  proceeds to the Settlement Class Members; and

5  WHEREAS, this Court had directed the parties to consummate the terms of
6  the Stipulation and Plan of Allocation; and

7  WHEREAS, the $4,350,000 cash settlement proceeds had previously been
8  deposited by Defendants into the escrow account maintained by The Garden City
9  Group, Inc. ("GCG"), the Claims Administrator for the Settlement, on behalf of the
10 Settlement Class (the "Settlement Fund") following the Court's preliminary
11 approval of the Settlement; and

12 WHEREAS, as set forth in the Notice of Pendency and Proposed Settlement
13 of Class Action (the "Notice"), the deadline for Settlement Class Members to
14 submit Proof of Claim and Release forms ("Proofs of Claim") in order to
15 participate in the distribution of the Settlement Fund was April 6, 2007; and

16 WHEREAS, in satisfaction of due process requirements, all Settlement Class
17 Members who filed claims that were in any way ineligible or deficient were: (i)
18 informed that their claims were ineligible or deficient; (ii) were given opportunities
19 to correct any deficiency prior to their claims being finally rejected, or to contest
20 the determination as to the deficiency by requesting a hearing before the Court; and

21 WHEREAS, the process of reviewing all Proofs of Claim has been
22 completed; and

23 WHEREAS, Lead Counsel now seeks authorization to distribute the
24 proceeds of the Settlement Fund to Authorized Claimants, after deduction of any
25 taxes approved by this Order; and

26 WHEREAS, this Court has retained jurisdiction of this Action for the
27 purpose of considering any further application or matter which may arise in
28 connection with the administration and execution of the Settlement and the

1  processing of Proofs of Claim and the distribution of the Net Settlement Fund to
2  the Authorized Claimants;
3      NOW, THEREFORE, upon reading and filing: (i) the Affidavit of Ellen E.
4  Riley (the "Riley Affidavit") of GCG; (ii) the Declaration of Andrew L. Zivitz of
5  Schiffrin Barroway Topaz & Kessler, LLP, Lead Counsel for Plaintiffs and the
6  Settlement Class; and upon all prior proceedings heretofore had herein, and after
7  due deliberation, it is hereby
8      ORDERED, that the administrative determinations of GCG accepting the
9  claims as indicated on the computer printout of accepted claims submitted and
10  described in the Riley Affidavit, calculated under the proposed Plan of Allocation
11  contained in the Notice, including claims submitted after April 6, 2007 be and the
12  same hereby are approved, and said claims are hereby accepted; and it is further
13      ORDERED, that the administrative determinations of GCG rejecting the
14  claims as indicated on the computer printout of rejected claims submitted with and
15  described in the Riley Affidavit under the proposed Plan of Allocation contained in
16  the Notice be and the same hereby are approved, and said claims are hereby
17  rejected; and it is further
18      ORDERED, that payment be made from the Settlement Fund to the Internal
19  Revenue Service for the proper amount of taxes due and owing on the interest
20  earned on the Settlement Fund while in escrow, if any; and it is further
21      ORDERED, that the balance of the Settlement Fund after deducting the
22  payments previously allowed and set forth herein (the "Net Settlement Fund") shall
23  be distributed to the Authorized Claimants listed on the computer printout
24  submitted with the Riley Affidavit under the proposed Plan of Allocation in
25  proportion to each Authorized Claimant's Recognized Loss as compared to the
26  total Recognized Loss of all accepted claimants as shown on such printout; and it is
27  further
28

1  ORDERED, that the checks for distribution to the Authorized Claimants
2  shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-
3  DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel
4  and GCG are authorized to take appropriate action to locate and/or contact any
5  Authorized Claimant who has not cashed his, her or its check within said time; and
6  it is further
7  ORDERED, that after six (6) months following the initial distribution of the Net
8  Settlement Fund to Authorized Claimants and after appropriate efforts have been
9  made by either Lead Counsel or GCG for the Authorized Claimants to cash their
10 checks, Lead Counsel is authorized to distribute any funds remaining in the Net
11 Settlement Fund by reason of returned or unpaid checks or otherwise after payment
12 of any unpaid costs or fees incurred in administering the Net Settlement Fund for
13 such re-distribution, to Authorized Claimants who have cashed their checks,
14 provided that they would receive at least $10.00 in such re-distribution based on
15 their Recognized Loss, and provided that Lead Counsel determines a re-distribution
16 should be undertaken. If after six (6) months after such re-distribution any funds
17 shall remain in the Net Settlement Fund or if insufficient funds remain to undertake
18 re-distribution, then Lead Counsel shall distribute such balance to the Legal Aid
19 Foundation of Los Angeles, 1102 Crenshaw Boulevard, Los Angeles, California
20 90019 (phone no. (323) 801-7915); and it is further
21  ORDERED, that the Court finds that the administration of the Settlement
22 and the proposed distribution of the Net Settlement Fund comply with the terms of
23 the Stipulation and the Plan of Allocation and that all persons involved in the
24 review, verification, calculation, tabulation, or any other aspect of the processing of
25 the claims submitted herein, or otherwise involved in the administration or taxation
26 of the Settlement Fund or the Net Settlement Fund are released and discharged
27 from any and all claims arising out of such involvement, and all Settlement Class
28 Members, whether or not they are to receive payment from the Net Settlement

1  Fund are barred from making any further claims against the Net Settlement Fund or
2  the Released Persons beyond the amount allocated to them pursuant to this Order;
3  and it is further
4      ORDERED, that GCG is hereby authorized to discard paper or hard copies
5  of Proofs of Claim and supporting documents not less than one (1) year after the
6  initial distribution of the Net Settlement Fund to the eligible claimants and
7  electronic or magnetic media data not less than three (3) years after the initial
8  distribution of the Net Settlement Fund to the eligible claimants; and it is further
9      ORDERED, that this Court retain jurisdiction over any further application or
10 matter which may arise in connection with this action; and it is further
11     ORDERED, that claims submitted after May 2, 2008 may be accepted only
12 for excusable neglect on the part of the claimant, as determined by Lead Counsel.

Dated: __7-14__, 2008

_____
THE HONORABLE STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE